**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                No. CIV-05-0612 MV/KBM
                                      CR-01-1435 MV

DONALD RAY ELLIOTT,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court for preliminary consideration of Defendant's motion to set aside sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 38) filed June 1, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to charges of bank robbery, and on August 13, 2002, the Court entered a sealed judgment on the conviction.[1] Defendant did not appeal his conviction or sentence. Through counsel, he now contends that recent Supreme Court's decisions have rendered his sentence illegal. He also argues that he has filed his motion within one year after a new right was recognized by the Supreme Court.

No relief is available on Defendant's claim. He contends that the Supreme Court's decisions in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), effectively restarted the running of the statute of limitation in § 2255(3). The applicable statutory provision states: "The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2255(3).

---

[1]    On August 28, 2002, the Court entered a sealed amended judgment correcting a clerical error. On December 29, 2004, the amended judgment was re-entered under seal with an attached order specifying the timing of restitution payments.

Even assuming for purposes of this order that *Blakely* and *Booker* recognized a new right, these decisions have not been made retroactive. *See United States vs. Bellamy*, --- F.3d ---, ---, No. 04-5145, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005).  As indicated by the dates above, Defendant's sentencing claim under *Blakely* and *Booker* is barred as untimely.  Alternatively, because the rulings in *Blakely* and *Booker* apply only to cases that are pending or on direct review, *see Booker*, --- U.S. at ---, 125 S. Ct. at 769, Defendant's sentencing claim will be dismissed on the merits.

IT IS THEREFORE ORDERED that Defendant's motion to set aside sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 38) filed June 1, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE